IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **PEARL IP LICENSING LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**AAON INC.,**<br><br>　　　　Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Plaintiff Pearl IP Licensing LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, and in support states, all upon information and belief:

**PARTIES**

1.　　Plaintiff Pearl IP Licensing LLC ("Pearl IP" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas and having its registered office at 815 Brazos St, Ste 500, Austin, TX 78701 and an office address at 2108 Dallas Pkwy, Ste 214 - 1042, Plano, TX 750 93-4362.

2.　　Defendant AAON, Inc. (hereinafter "Defendant" or "AAON") is a corporation organized and existing under the laws of the State of Oklahoma, with a principal place of business at 203 Gum Springs Road, Longview, Texas 75602. Upon information and belief, Defendant may be served with process c/o Luke A. Bomer, its Registered Agent, 6120 S. Yale Ave. Suite 500, Tulsa OK, 74136.

**JURISDICTION AND VENUE**

3.　　Defendant conducts business operations within the Eastern District of Texas. Defendant has directly and/or through subsidiaries or intermediaries committed acts of

infringement in this District by, among other things, offering to sell and selling products that infringe the patent-in-suit.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d). Defendant is registered to do business in the State of Texas, has an office in the State of Texas, has transacted business in the Eastern District of Texas, and has committed acts of direct infringement in this district.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b). Defendant maintains a regular and established place of business in this District.

**PATENT 6,819,539**

6. U.S. Patent No. 6,819,539, entitled "METHOD FOR CIRCUIT RECOVERY FROM OVERSTRESS CONDITIONS" (the "539 Patent") was duly and legally issued on November 16, 2004. A true and correct copy of the '539 Patent is attached as Exhibit A.

7. The '539 Patent disclosed and exemplified a unique and valuable apparatus for circuit recovery from overstress conditions, comprising circuits for detecting an event and resetting a device when the event is a first predetermined type and circuits for providing recovery when the event is a second predetermined type. (See '539 Patent Abstract).

8. Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '539 Patent.

**INFRINGEMENT OF THE '539 PATENT**

9. Plaintiff restates and incorporates by reference the foregoing allegations.

10. In violation of 35 U.S.C. §271, Defendant directly infringed at least claim 1 of the '539 Patent by selling apparatus within the scope of claim 1 of the '539 Patent ("Accused

Instrumentality" or "Accused Product")[1].  One exemplary Accused Product is the Aaon VCCX2 Controller with RSMD.

11. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing the correspondence between one exemplary version of an Accused Instrumentality sold by Defendant and claim 1 of the '539 Patent. Particularly, Exhibit B details how the Aaon VCCX2 Controller with RSMD meets every element of Claim 1 of the '539 Patent.

12. Defendant has had knowledge of infringement of the '539 Patent at least as of the service of the present Complaint.

13. As a result of Defendant's infringement of the '539 Patent, Plaintiff has suffered damages.

14. Plaintiff is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

---

[1] The Accused Instrumentality is just one of the products provided by Defendant, and Plaintiff's investigation is on-going as to additional products to be included as an Accused Product that may be added at a later date.

## JURY DEMAND

16. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Pearl IP respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendant has infringed the '539 Patent;

B. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '539 Patent through its expiration, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

C. any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: August 30, 2021

Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

*/s/ Howard L. Wernow*
Howard L. Wernow (Bar No. 0089019)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Howard.Wernow@sswip.com

ATTORNEY FOR PLAINTIFF